____ Priority
____ Send
____ Clsd
____ Enter
____ JS-5/JS-6
____ JS-2/JS-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 06-369 DOC (RNBx)                              Date: May 23, 2007

Title: TERESA MOORE v. LA HABRA RELOCATIONS, INC.; WHEATON VAN LINES, INC.; WHEATON WORLD WIDE MOVING; and AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____ Deputy Clerk:_____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                              Not Present
    Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

        NONE PRESENT                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER CONTINUING THE HEARING ON DEFENDANT LA HABRA'S MOTION FOR SUMMARY JUDGMENT

        Before the Court are Defendant La Habra Relocation, Inc.'s ("La Habra") Motion for Summary Judgment and Plaintiff Teresa Moore's ("Plaintiff") Motion to Continue or Suspend Hearing on Motion for Summary Judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set for May 21, 2007 was removed from the Court's calendar. After considering the moving and opposing papers, the Court hereby GRANTS Plaintiff's Motion and CONTINUES the hearing on La Habra's Motion for Summary Judgment to August 13, 2007.

        On or about August 23, 2003, Plaintiff entered into a contract with Wheaton Van Lines,

MINUTES FORM 11 DOC
CIVIL - GEN



DOCKETED ON CM

MAY 24 2007

BY_____ 160

Initials of Deputy Clerk ___
Page 1 of 3

Inc. d/b/a Wheaton World Wide Moving (hereinafter referred to as "Wheaton")[1] to transport her furniture and furnishings from Orange County, California for delivery outside of California. On or about September 3, 2003, Wheaton delivered Plaintiff's household furniture and furnishings, but allegedly refused to release them until Plaintiff paid additional fees. Plaintiff alleges that this refusal to release her property breached the terms of contract and violated the federal Carmack Amendment to the Interstate Commerce Act.

On June 5, 2005, Plaintiff, proceeding in *pro per*, filed her Complaint in Orange County Superior Court. La Habra subsequently removed the action to this Court. On June 12, 2006, the Court granted La Habra's motion to dismiss Plaintiff's state law claims, which are preempted by the federal Carmack Amendment. La Habra now moves for summary judgment as to the remaining Carmack Amendment claim on the following grounds: (1) that Plaintiff's purported failure to file a written claim for damages with La Habra or Wheaton within nine months of the delivery date of her interstate shipment precludes her claim; and (2) La Habra, as a disclosed household goods agent for Wheaton, is not independently liable to Plaintiff.

Pursuant to Federal Rule of Civil Procedure 56(f), the court may order a continuance of a motion for summary judgment to permit the opposing party to obtain affidavits or take depositions. *See* Fed. R. Civ. P. 56(f). In response to La Habra's summary judgment motion, Plaintiff points out that neither side has had an opportunity to conduct discovery given that the Rule 26 scheduling conference, set for July 9, 2007, has not yet occurred. Plaintiff further states that she is awaiting a response to her proposed stipulation to permit the service of more than 25 interrogatories. In addition, Plaintiff contends that she filed a timely claim directly with Wheaton and requests that the Court allow her additional time to obtain the necessary discovery to disprove La Habra's assertion that it is not liable as a matter of law.

In light of the fact that the parties have yet to conduct any discovery, the Court agrees that Plaintiff should have additional time to gather evidence upon which to oppose La Habra's motion for summary judgment. Nevertheless, after reviewing La Habra's motion, it appears that the additional discovery sought is unlikely to alter the ultimate disposition of the summary judgment motion. Specifically, La Habra has presented evidence that it is a household goods agent for the disclosed principal, Wheaton, such that it bears no liability for any alleged breach of the bill of lading between Plaintiff and Wheaton to which La Habra was not a party. *See* 49 U.S.C. §13907 (imposing liability on

---

[1] Defendant Wheaton was dismissed without prejudice on June 26, 2006 after Plaintiff failed to respond to the Court's Order to Show Cause re Dismissal for Lack of Prosecution.

MINUTES FORM 11 DOC                                    Initials of Deputy Clerk _____
CIVIL - GEN                                            Page 2 of 3

motor carrier, i.e. Wheaton, for the acts and omissions of its agent);[2] *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985) (concluding that agent is not liable if contract made on behalf of its principal is breached because "[w]hen an agent makes a contract for a disclosed principal, it becomes neither a party to the contract nor liable for the performance of the contract") (citing Restatement (2d) of Agency §§ 320, 328); *Taylor v. Mayflower Transit, Inc.*, 161 F. Supp. 2d 651, 658 (W.D.N.C. 2000) (as a matter of law, motor carrier's disclosed agent, who was not a party to bill of lading, could not be liable for damages arising out of any alleged breach); *O'Donnell v. Earle W. Noyes & Sons*, 98 F. Supp. 2d 60, 63 (D. Me. 2000) (applying general agency principles to Carmack Amendment claim to conclude that mover's disclosed agent was not liable for breach because agent did not become a party to the contract it made on behalf of the mover); *Werner v. Lawrence Transp. Sys., Inc.*, 52 F. Supp. 2d 567, 568-69 (E.D.N.C. 1998) (dismissing plaintiff's Carmack Amendment claim against agent because statutory language imposes liability on a motor carrier for its agent's acts and "case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract"); *Nichols v. Mayflower Transit, Inc.*, 368 F. Supp. 2d 1104, 1109 (D. Nev. 2003) (same). In support of its motion, La Habra has presented the bill of lading signed by Plaintiff,[3] which identifies La Habra as Wheaton's agent and the agency agreement between Wheaton and La Habra. Exs. B and C to La Habra's Mot. for Summ. J. Thus, it appears that La Habra is correct that as an agent of the disclosed principal Wheaton, it cannot be held liable for any alleged breach of the bill of lading as a matter of law. Nevertheless, to ensure that Plaintiff has an adequate opportunity to present contradictory evidence, the Court grants her request for a continuance of the hearing on La Habra's summary judgment motion.

   For the reasons set forth above, Plaintiff's Motion to Continue is hereby GRANTED. The hearing on La Habra's Motion for Summary Judgment is hereby CONTINUED to August 13, 2007 at 8:30 a.m. Plaintiff shall conduct any necessary discovery in June and July. Plaintiff is further ORDERED to file a substantive opposition to Defendant's Motion for Summary Judgment on or before July 30, 2007. The Court has previously granted Plaintiff's repeated requests for delay and continuance of the hearing on this motion. No further extensions or continuances will be granted.

   The Clerk shall serve this minute order on all parties to the action.

---

  [2] "Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier." 49 U.S.C. §13907.

  [3] The signature on the bill of lading is that of "Teresa Arnold" rather than Teresa Moore, the Court assumes that Ms. Moore has subsequently changed her last name. If this is incorrect, Plaintiff is directed to so inform the Court.

MINUTES FORM 11 DOC            Initials of Deputy Clerk _____
CIVIL - GEN                 Page 3 of 3